UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHRISTOPHER T. WILLIAMS,

       Plaintiff,

   -against-

TIME, INC.,

       Defendant.
----------------------------------------------------------------X

Docket No.:

**COMPLAINT**

**Jury Trial Demanded**

CHRISTOPHER T. WILLIAMS ("Plaintiff" or "Mr. Williams"), by and through his attorneys, THE LAW FIRM OF ADAM C. WEISS, PLLC, complains of the Defendant, TIME, INC., and alleges, upon knowledge as to himself and his own actions and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1.     This is a civil action for damages initiated against the Defendant for its unlawful discriminatory actions against Mr. Williams in violation of: the Age Discrimination in Employment Act of 1967, as amended ("ADEA"); the New York State Human Rights Law, Executive Law Section § 290 *et seq.* ("NYSHRL"); the New York City Human Rights Law, Title 8 of the Administrative Code of the City of New York § 101 *et seq.* ("NYCHRL"); and any other cause(s) of action that can be inferred from the facts set forth herein.

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. *§ 1331*, vis-*a-vis* 29 U.S.C. *§ 621, et seq.* The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state and local causes of action.

3.     Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(ii), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. §

139l(b)(i), as the Defendant resides within this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.    Plaintiff filed a Charge with the United States Equal Employment Opportunity Commission ("EEOC"), EEOC Charge No: 520-2016-03837, on or about September 30, 2016, based on age discrimination.  Efforts to mediate the charge by the EEOC as requested by the EEOC and Plaintiff were declined by Defendant and Plaintiff requested a Right to Sue Letter.  Plaintiff received his Right to Sue Letter on or about December 12, 2016.  A copy of the Right to Sue Letter is annexed hereto as Exhibit "A".  Plaintiff has timely filed the instant matter within 90 days of receiving that letter.

## PARTIES

5.    At all relevant times herein, Plaintiff was and is a resident of the State of New York. He presently resides in New York County, New York.

6.    At all relevant times herein, Plaintiff is a "person" and an "employee" within the meaning of ADEA, NYSHRL, and NYCHRL.

7.    At all relevant times herein, Defendant is an "employer" within the meaning of ADEA, NYSHRL, and  NYCHRL, maintaining its principal place of business in New York County, New York.

8.    At all relevant times herein, Defendant employed 20 or more employees.

## BACKGROUND FACTS

9.    Mr. Williams, who is 52 years old, was most recently employed as Senior Marketing Manager/Project Manager with nine years and 11 months' service with Defendant.

10.    He began his employment as Marketing Coordinator in or about September 2006 and was promoted twice his first two years of employment to Assistant Marketing/Manager (in August 2007) and Integrated Marketing Manager/Project Manager (in September 2008).

11.    After a short layoff in the latter part of 2009 into part of 2010, Defendant re-hired Mr. Williams in his previous Integrated Marketing Manager/Project Manager position whereby his service was deemed "bridged" and his 401K and pension fully vested thereafter.

12.    In or about December 2013, the company promoted Mr. Williams for the third time, to Senior Marketing Manager/Project Manager, the position he held until his termination on August 17, 2016.

13.    Mr. Williams always performed his work duties meeting or exceeding expectations and was never subject to any performance improvement plans.

14.    All his reviews and accounts by his peers will portray him as an enthusiastic and devoted employee of the company.

15.    Since at least November 2015, Mr. Williams has pursued, on his own, numerous positions within the company as it became clear that the media industry, and Defendant was in a period of transition.

16.    For example, on or about November 10, 2015, he requested a meeting with the Vice President of Corporate Marketing to discuss opportunities in the corporate team.

17.    This meeting yielded no results and Mr. Williams was told to re-apply in the Spring 2016.

18.    Despite the aforementioned representation that the Spring 2016 was the time that Mr. Williams should re-apply, in or about December 2015, Mr. Williams was stripped of half of

his responsibilities (with no explanation), which were given to a new hire who was substantially younger than him.

19.     Nonetheless, in March 2016, Mr. Williams followed up with Human Resources to express interest in applying for a corporate team and was given no assistance other than being told to set up his own meetings with corporate to discuss.

20.     On or about March 30, 2016, Mr. Williams reached out to the corporate auto lead to apply for a Senior Manager marketing role.

21.     However, after a series of interviews and waiting a period of three weeks, he inquired about the status of the hiring process and was advised that the position had been filled (with no explanation).

22.     On or about April 25, 2016, Mr. Williams applied with the TIME Marketing Lead for a Marketing Director role and, after meeting with multiple members of the team, was told that the position had been filled (again with no explanation).

23.     Upon information and belief, the persons who filled these positions were both younger than Mr. Williams.

24.     It is also important to note that all the foregoing efforts were solely driven by Mr. Williams for two reasons.

25.     First, he wanted to be proactive in the pursuit of other opportunities.

26.     Second, but most alarmingly, management was not unilaterally reaching out to him despite his overwhelming qualification for them.

27.     Undeterred by all the above rejections, between May 18, 2016 and July 19, 2016, Mr. Williams applied for no less than five other positions, from Corporate Technology to Senior Manager Special Projects, Senior Manager Client Solutions, and Corporate Food/Beverage team.

28.    In all cases, Mr. Williams' candidacy was either ignored or otherwise rejected despite his superior qualifications.

29.    Upon information and belief, the persons hired for these vacancies were all younger and/or less experienced than Mr. Williams.

30.    Even more disturbingly, Mr. Williams was physically moved to an isolated workspace away from his TIME Marketing team.

31.    Nonetheless, during this entire period Mr. Williams continued to work independently while requesting to work with other TIME marketing team members on various projects.

32.    On or about August 3, 2016, Defendant notified Mr. Williams that his job was being terminated because it was being altogether eliminated.

33.    To add insult to injury, Defendant offered Mr. Williams a separation package that dwarfed industry standards as well as other compensation packages historically offered by Defendant for people with comparable years' service.

34.    As required by law, Defendant provided a list of employees, by title and age, that were selected (and not selected) for the layoff, which suggests that the company's decision affected all age groups.

35.    Nonetheless, when one examines a more relevant and narrower subset of the overall group (namely his former marketing team who are all younger than him), Mr. Williams was the only person selected for layoff and all his younger colleagues with inferior years of service and experience were reassigned and remain with the company.

36.     Most recently, Mr. Williams discovered that although he had been previously told that his job had been eliminated, that actually his role and duties had not been eliminated at all, but rather were taken over by two younger, less-experienced persons.

37.     In addition to the examples above, in the last several years, Mr. Williams has witnessed an alarming trend where elder staff members have been replaced by persons who were not just younger than them but much younger.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT

### (Age Discrimination under the ADEA)

38.     Plaintiff hereby repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

39.     The ADEA prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's age.

40.     At all relevant times herein, Plaintiff was a member of a protected class due to his age.

41.     At all relevant times herein, Plaintiff was qualified for employment with Defendant and was able to perform the essential functions of the job as well as those for which he applied.

42.     Defendant subjected Plaintiff to disparate treatment because of Plaintiff's age.

43.     Defendant discriminated against Plaintiff in violation of the ADEA by failing to hire Plaintiff for various open positions to which he applied on the basis of his age.

44.     Defendant discriminated against Plaintiff in violation of the ADEA by terminating Plaintiff on the basis of his age.

45.     Defendant acted intentionally and with malice and reckless indifference to Plaintiff's rights under the ADEA and is thereby liable to Plaintiff for compensatory and punitive

damages under the ADEA.

46.    As a result of Defendant's discriminatory acts, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory damages for, *inter alia,* inconvenience, loss of enjoyment of life, mental anguish, emotional distress, humiliation, and loss of reputation.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT

### (Age Discrimination under the NYSHRL)

47.    Plaintiff hereby repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48.    The NYSHRL prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's age.

49.    At all relevant times herein, Plaintiff was a member of a protected class due to his age.

50.    At all relevant times herein, Plaintiff was qualified for employment with Defendant and was able to perform the essential functions of the job as well as those for which he applied.

51.    Defendant subjected Plaintiff to disparate treatment because of Plaintiff's age.

52.    Defendant discriminated against Plaintiff in violation of the NYSHRL by failing to hire Plaintiff for various open positions to which he applied on the basis of his age.

53.    Defendant discriminated against Plaintiff in violation of the NYSHRL by terminating Plaintiff on the basis of his age.

54.    Defendant acted intentionally and with malice and reckless indifference to Plaintiff's rights under the NYSHRL and is thereby liable to Plaintiff for compensatory damages

under the NYSHRL.

55.     As a result of Defendant's discriminatory acts, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory damages for, *inter alia,* inconvenience, loss of enjoyment of life, mental anguish, emotional distress, humiliation, and loss of reputation.

## THIRD CAUSE OF ACTION AGAINST DEFENDANT

### (Age Discrimination under the NYCHRL)

56.     Plaintiff hereby repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57.     The NYCHRL prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's age.

58.     At all relevant times herein, Plaintiff was a member of a protected class due to his age.

59.     At all relevant times herein, Plaintiff was qualified for employment with Defendant and was able to perform the essential functions of the job as well as those for which he applied.

60.     Defendant subjected Plaintiff to disparate treatment because of Plaintiff's age.

61.     Defendant discriminated against Plaintiff in violation of the NYCHRL by failing to hire Plaintiff for various open positions to which he applied on the basis of his age.

62.     Defendant discriminated against Plaintiff in violation of the NYCHRL by terminating Plaintiff on the basis of his age.

63.     Defendant acted intentionally and with malice and reckless indifference to Plaintiff's rights under the NYCHRL and is thereby liable to Plaintiff for compensatory damages

under the NYCHRL.

64.     As a result of Defendant's discriminatory acts, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory damages for, *inter alia,* inconvenience, loss of enjoyment of life, mental anguish, emotional distress, humiliation, and loss of reputation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

65.     A judgment declaring that the practices complained of herein are unlawful and the acts of Defendant is in violation of the "ADEA," the "NYSHRL," and the "NYCHRL;"

66.     Granting an order for Plaintiff demanding that Defendant reinstates Plaintiff;

67.     All damages which Plaintiff has sustained as a result of Defendant's conduct, including back pay, front pay, general and special damages for lost compensation and job benefits he would have received but for Defendant's discriminatory practices, and for inconvenience, loss of enjoyment, emotional distress, humiliation, loss of reputation, and mental anguish;

68.     Front pay to Plaintiff until such time as he can be placed in the position he would have occupied but for Defendant's discriminatory practices or a substantially similar position with another employer;

69.     Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct;

70.     Awarding Plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

71.     Pre-judgment and post-judgment interest, as provided by law; and

72.     Granting Plaintiff other and further relief as this Court finds necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury for all issues and claims in this action.

Dated:  December 28, 2016
        Glen Cove, New York

_____
Adam C. Weiss (AW-5752)
THE LAW FIRM OF ADAM C. WEISS, PLLC
3 School Street, Suite 303
Glen Cove, New York 11542
(516) 277-2323 (tel)
(516) 759-2556 (fax)
Email: adam@acweisslaw.com

*Attorneys for Plaintiff*

To:

Time, Inc.
225 Liberty Street, 5th Floor
New York, NY 10281